United States Court of Appeals,

Eleventh Circuit.

Nos. 95-4982, 95-5176.

Richard Mark CUTCLIFFE, Vicki Cutcliffe, George Raggio, Jr., Carole Raggio, Plaintiffs-Counter-Defendants-Appellants.

v.

Ronald COCHRAN, as Sheriff of Broward County, Florida, Norman Botsford, individually, Defendants-Counter-Claimants-Appellees.

Nov. 14, 1997.

Appeals from the United States District Court for the Southern District of Florida (No. 93-6099-CIV-WDF); Wilkie D. Ferguson, Jr., Judge.

ON PETITION FOR REHEARING EN BANC

(Opinion July 29, 1997, 11th Cir., 117 F.3d 1353)

Before HATCHETT, Chief Judge, and TJOFLAT, ANDERSON, EDMONDSON, COX, BIRCH, DUBINA, BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

The Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-5), the Suggestion of Rehearing En Banc is DENIED.

BARKETT, Circuit Judge, dissenting:

I respectfully dissent from the court's denial of en banc rehearing in this case. For the reasons articulated in the majority opinion, I believe that this court's opinion in *Terry v. Cook,* 866 F.2d 373 (11th Cir.1989), is at odds with Supreme Court precedent. I also believe that en banc consideration is necessary to clarify the law in this circuit as to the permissibility of political patronage dismissals of any and all deputy sheriffs under the First Amendment in light of *Elrod v.*

*Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), and *Branti v. Finkel,* 445 U.S. 507, 100

S.Ct. 1287, 63 L.Ed.2d 574 (1980).  Our confusion on this issue is apparent from our opinions in

*Terry* and, most recently, *Brett v. Jefferson County,* 123 F.3d 1429 (11th Cir.1997).

The *Terry* court concluded that a sheriff possesses "absolute authority" to decline to reinstate

any deputy sheriffs who did not support him politically because "loyalty to the individual sheriff and

the goals and policies he seeks to implement ... is an appropriate requirement for the effective

performance of a deputy sheriff." *Terry,* 866 F.2d at 377.  Thus, *Terry* appears to conflict with the

Supreme Court's directive in *Branti* that in determining whether political affiliation is a legitimate

requirement for a particular type of government employment,

> the ultimate inquiry is not whether the label "policymaker" or "confidential" fits a particular
> position;  rather, the question is whether the hiring authority can demonstrate that party
> affiliation is an appropriate requirement for the effective performance of the public office
> involved.

*Branti,* 445 U.S. at 518, 100 S.Ct. at 1295.

Nonetheless, the majority opinion in *Cutcliffe* applied *Terry* to preclude an identical political

patronage dismissal claim, as only the en banc court can reverse a prior panel decision.  Shortly after

*Cutcliffe* was decided, however, this court decided *Brett v. Jefferson County.*  In *Brett,* as in

*Cutcliffe,* upon taking office, a newly elected sheriff declined to reappoint four deputy sheriffs who

failed to support him in the primary election and who actively supported his opponent.  The sheriff

conceded that his decision not to reappoint the deputies "was based on their speech and actions

during the election," *Brett,* 123 F.3d at 1431, and the deputy sheriffs filed a complaint alleging, *inter

alia,* that the denial of reappointment for political patronage reasons violated their First Amendment

rights.  Finding that the district court erred in disposing of the deputy sheriffs' First Amendment

claim on summary judgment without applying either the *Elrod-Branti* or the *Pickering* balancing

test, the court remanded the case "for additional fact finding so that the district court can decide

which test properly to apply in the First Amendment analysis." *Id.* at 1433. Significantly, the court did not view the deputy sheriffs' patronage dismissal claim as precluded by this court's prior opinions in *Terry* and *Cutcliffe,* although the claim raised by the plaintiffs in *Brett* is virtually identical to the claim raised in *Cutcliffe.*

Although, as Judge Harris observed in his special concurrence in *Cutcliffe,* recent statutory changes in Florida law make it unlikely that this issue will recur in that state,[1] that this issue will likely recur in this circuit is evidenced by the fact that *Terry* was an Alabama case, while *Brett* arose in Georgia. Accordingly, because I regard our precedent in this area as both in conflict with Supreme Court precedent and internally inconsistent, I believe that this is precisely the kind of case that merits en banc consideration.

---

[1]Since 1995, Chapter 30.078 of the Florida Statutes has provided:

> When a newly elected or appointed sheriff assumes office, the incoming sheriff may not terminate the employment of any deputy sheriff covered by §§ 30.071—30.079 for lawful off-duty political activity or for a discriminatory reason. The incoming sheriff may replace deputy sheriffs assigned to managerial, confidential, or policymaking positions or part-time deputy sheriffs.

Fla. Stat. ch. 30.078.